Affirmed and Memorandum Opinion filed January 25, 2007








Affirmed and Memorandum Opinion filed January 25,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00948-CR

NO. 14-05-00949-CR

_______________

 

JAMES JAMEL BENTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 1009745; 1009744

                                                                                                                                               


 

M EM OR A N D U M   O P I N I O N

           Challenging his
convictions for possession of controlled substances with intent to deliver,
appellant James Jamel Benton attacks the legal and factual sufficiency of the
evidence.   We affirm.   

                         I.   Factual
and Procedural Background








On December 8,
2004, the Harris County Sheriff=s Department received a complaint that
narcotics were being sold in a trailer house at a specific location.  Around
9:00 o=clock p.m., a
uniformed narcotics team went to the trailer to investigate, and found the
front door wide open.  Deputy Jimmie Cook and  Deputy Mario Quintanilla could
see three men sitting in the living room.  Deputy Cook testified that appellant
sat on a loveseat positioned in plain view.  Located on the loveseat next to
appellant were two small clear plastic bags of crack cocaine.  Deputy Cook also
saw a large amount of crack cocaine, marijuana, pills, bottles of codeine, and
cash sitting on the kitchen counter. 

After entering the
trailer, the police found four individuals and a considerable amount of
narcotics. The narcotics team seized approximately 167 grams of crack cocaine,
17 grams of ecstacy tablets, four bottles of codeine, and marijuana.  The
police also collected a total of $2,297 in cash from the suspects and the
kitchen counter.   Appellant himself held about $320 in cash.   The police
immediately arrested three of the four suspects, including appellant.  The officers also recovered
three guns in the living room, one of which was located under the loveseat
where appellant had been sitting.  

Appellant was charged with two counts
of possession with intent to deliver a controlled substance, namely cocaine and
3,4Bmethylenediozy methanphetemine
(commonly known as ecstasy tablets).  He pleaded Anot guilty@ to each offense.   A jury found
appellant guilty as charged on both counts.  The trial court, in a separate
punishment proceeding, sentenced appellant to eighteen years= confinement on each count, with the
sentences to run concurrently. 

II.   Issues
and Analysis








Appellant asserts the evidence is
legally and factually insufficient to support his convictions. When reviewing
the legal sufficiency of the evidence, we examine the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319(1979); Mason v. State,
905 S.W.2d 570, 574 (Tex. Crim. App. 1995).  The standard is the same for both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995). We do not weigh the evidence, or evaluate the
credibility of any witnesses, as this is the function for the trier of fact.  Fuentes
v. State, 991 S.W.2d. 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with conflicting
evidence, we presume the trier of fact resolved any conflicts in favor of the
prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993).  Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

When evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
in a neutral light and inquire whether we are able to say, with some objective
basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  It is not enough that this court harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence, and this court cannot declare that a conflict in the evidence
justifies a new trial simply because it disagrees with the jury=s resolution of
that conflict.   Id.  at 417.  If this court determines that the
evidence is factually insufficient, it must explain in exactly what way it
perceives the conflicting evidence greatly to preponderate against conviction. 
Id. at 414B17.  Our evaluation should not intrude
upon the fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  See
id;  Fuentes, 991 S.W.2d at 271.   In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 

 

 

                                                                              








A.        Is the evidence legally and factually
sufficient to support the jury=s   findings that appellant knowingly and intentionally possessed a
controlled substance?

 

In two issues, appellant contends
that the evidence is legally and factually insufficient to:  (1) support the
jury=s finding that appellant knowingly
and intentionally possessed the controlled substances (cocaine and ecstacy),
and (2) support the jury=s finding that appellant possessed these controlled substances
with the intent to deliver. [1]

 A person commits the offense of
possession with intent to deliver a controlled substance if he knowingly or
intentionally possesses a controlled substance with the intent to deliver it.  Tex. Health & Safety Code Ann. ''481.112(e), 481.113(d) (Vernon Supp.
2005).  To prove unlawful possession of a controlled substance, the State must
prove the accused: (1) exercised care, control, custody, or management over the
contraband; and (2) knew the matter was contraband. Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005).  When the accused is not in exclusive
possession of the place where the controlled substance is found, the State must
prove additional facts and circumstances that affirmatively link the accused to
the contraband in such a way it can be concluded the accused had knowledge of
the contraband and exercised control over it.  Guiton v. State, 742
S.W.2d. 5, 8 (Tex. Crim. App. 1987).








Affirmative links are established when the
evidence, direct or circumstantial, establishes Athe accused=s connection with
the drug was more than just fortuitous.@   Poindexter 153
S. W.3d at 405-06 (Tex. Crim. App. 2005) (quoting Brown v. State, 874
S.W.2d 744, 747 (Tex. Crim. App. 1995)).  Courts have identified a
non-exhaustive list of factors that may help to show an affirmative link to
controlled substances; however,  no set formula of facts necessitate a finding
of an affirmative link sufficient to support an inference of knowing
possession.  Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).[2]
 Rather, affirmative links are established by a totality of the circumstances. Id. 
It is not the number of factors present that is important but, rather, the Alogical force@ they create to
prove the defendant knowingly possessed the controlled substance.  Roberson
v. State, 80 S.W.3d 730, 735 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).

Appellant contends
that the following evidence contradicts possession: (1) when arrested,
appellant did not have any drugs, or drug paraphernalia on his person; (2) the
crime scene investigator did not find appellant=s fingerprints on
any of the contraband or other items recovered from the trailer home; (3) the
narcotics team did not find any identification, bills, or  keys linking
appellant to the trailer home; (4) there is no testimony showing appellant knew
of the contraband on the counter or that he was in any way connected to it; and
(5) appellant did not attempt to flee.








Despite appellant=s contentions, the
absence of some factors that may establish an affirmative link is not evidence
of innocence to be weighed against evidence connecting appellant to the
narcotics.  See Hernandez v. State, 538 S.W.2d 127, 131 (Tex. Crim. App.
1976).  After receiving a tip narcotics were being sold from the trailer home,
the narcotics team went to the location and found the front door of the trailer
home wide open.  Deputy Cook observed appellant sitting next to two clear bags
of crack cocaine that were in plain view.  Deputy Cook also saw other
contraband in plain view, including even larger quantities of cocaine as well
as codeine, ecstasy, and marijuana on the kitchen counter.   The kitchen
counter was in close proximity to where appellant was seated.  At trial, Deputy
Quintanilla stated anyone standing near the kitchen and, in fact, people
standing outside could see the narcotics on the kitchen counter.  See Porter
v. State, 873 S.W.2d 729, 733 (Tex. App.CDallas 1994, pet.
ref=d) (concluding
evidence sufficient to support inference of knowing possession when  167 grams
of cocaine were sitting on a table in plain view and in close proximity to the
accused).  Deputy Cook also testified when the officers entered the trailer
home, the occupants had Aa look of  uh-oh.@  In addition,
appellant reached to his left and then moved to his right.[3]  
Deputy Quintanilla noted that the occupants, upon noticing the uniformed
officers, scrambled and moved  Aas if they wanted to hide or destroy the
evidence.@  See Warren v. State, 971 S.W.2d 656, 661
(Tex. App.CDallas 1998, no pet.) (finding that evidence of
accused=s furtive gestures
and proximity to the cocaine was factually and legally sufficient to support
conviction).  








Appellant disputes
these allegations through his own testimony, claiming the officers planted the
cocaine near him.  Appellant further testified he had no knowledge of the
contraband recovered because it was not in plain view.  Appellant claimed the
narcotics were enclosed in cabinets and containers and not sitting on the
kitchen counter.  However, such testimony merely contradicts the officers= testimony and was
a conflict for the jury to resolve.  See Wyatt v. State, 23 S.W.3d 18,
30 (Tex. Crim. App. 2000).  A reviewing court may not substitute its
conclusions for that of the jury, nor may it interfere with the jury=s resolution of
conflicts in evidence.  See Watson, 204 S.W.3d. at 414-17.  Viewing this
evidence in the light most favorable to the verdict, we conclude a rational
trier of fact could have concluded appellant had knowledge of the contraband
and exercised control over it.  Moreover, the record shows the jury=s decision is not
so contrary to the great weight and preponderance of the evidence as to be
clearly wrong or manifestly unjust.

 

B.        Is the evidence legally and factually
sufficient to support the jury=s findings that appellant had an intent to deliver a controlled
substance?

 

Appellant also
argues the evidence is insufficient to support a conviction of possession with
the intent to deliver.  ADeliver@ means to
transfer, actually or constructively, a controlled substance to another.  Tex. Health & Safety Code Ann. ' 481.002(8)
(Vernon Supp.2002).  Intent to deliver a controlled substance also can be
proven by circumstantial evidence, such as the quantity of narcotics 
possessed, and the presence of the accused on the premises.  Patterson v.
State, 138 S.W.3d 643, 649 (Tex. App.CDallas 2004, no
pet.).  AIntent can be
inferred from the acts, words, and conduct of the accused.@  Patrick v.
State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). 

Appellant contends
the evidence is more consistent with the inference he possessed the narcotics
for personal use rather than for delivery.  Appellant claims insufficient
evidence exists to support the intent-to-deliver element because: (1) no
undercover activities were conducted to show appellant illegally obtained the
money found in his possession; (2) the narcotics team did not recover ledgers,
razor blades, or other paraphernalia associated with the sale of narcotics from
the trailer home; (3) when arrested, appellant did not have any narcotics on
him; (4) the narcotics team did not find identification, bills, or keys linking
appellant to the trailer; (5) appellant was not combative and did not attempt
to flee; (6) appellant never reached for a gun nor possessed one; and (7) there
is no testimony showing appellant=s status as a
narcotics dealer or a narcotics user.








 The record
reflects appellant was arrested in a trailer home containing approximately 167
grams of crack cocaine, 17 grams of ecstacy tablets, four bottles of codeine,
and marijuana. Deputy Cook testified the contraband found in the trailer home
had a street value of more than $8,000.00.   The amount and value of the
narcotics recovered from the trailer home  exceeds the typical amount possessed
for personal use.  See Mack v. State, 859 S.W.2d 526, 528, 529 (Tex.
App.CHouston [1st
Dist.] 1993, no pet.) (holding 8.9 grams of crack cocaine, valued at $600, a
sufficient amount from which to infer an intent to deliver).  The record also
indicates the police did not find paraphernalia used to consume narcotics on
appellant or in the trailer home.  See id. (concluding that absence of
paraphernalia for smoking or using cocaine supports an intent to deliver rather
than a intent to consume).   In addition to the large quantity of contraband,
the  narcotics team collected cash totaling $2,297, with appellant holding $320
of that amount.  Furthermore, Deputy Cook recovered one of the three weapons
from the loveseat where appellant had been sitting.   See Austin v. State, Nos.
14-00-01389-CR, 14-00-1390-CR, 2002 WL 3700045, at *3 (Tex. App.CHouston[14th Dist.] Mar 07, 2002, no
pet.) (not designated for publication) (concluding that visible handguns
combined with narcotics and large amounts of cash support an inference that the
guns were used to facilitate narcotics activity).  Expert testimony by experienced law
enforcement officers also may be used to establish an accused=s intent to deliver.  See Mack, 859 S.W.2d
at 529.  Deputy Quintanilla, a fourteen-year veteran with the Harris County
Sheriff=s Department, testified based
on the guns, money, large quantity of narcotics, and the fact no narcotics
paraphernalia was recovered, he believed narcotics were being sold out of the
trailer home.

Appellant
testified he was not aware of weapons or the narcotics because they were not in
plain view when he arrived at the trailer home.  But contradictions or
conflicts between the witnesses= testimony do not destroy the sufficiency
of the evidence; rather, they relate to the weight of the evidence and the
credibility the jury assigns the witnesses.  Weisinger v. State, 775
S.W.2d 424, 429 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d).  As the trier
of fact, the jury is the sole judge of the of the credibility of witnesses and
is free to accept or reject all or part of the witnesses= testimony.  Jones
v. State, 944 S.W. 2d 642, 647 (Tex. Crim. App. 1996).








After viewing this
evidence in the light most favorable to the verdict, we conclude  a rational
trier of fact could have determined that appellant possessed the narcotics with
the intent to deliver.  Likewise, we conclude the jury=s decision is not
so contrary to the great weight and preponderance of the evidence as to be
clearly wrong or manifestly unjust. 

III.
Conclusion

A rational jury
could have found appellant possessed the cocaine and ecstacy  because appellant
was present at the trailer home where a large quantity of narcotics were found
in plain view.  Appellant=s close proximity and accessibility to the
narcotics combined with his furtive gestures support the jury=s findings that
appellant knowingly and intentionally possessed the controlled substances.  A
rational jury could have found appellant had an intent to deliver based on the
evidence that narcotics, cash, and weapons were recovered from the trailer
home, and the officers did not find narcotics paraphernalia used for personal
consumption.   Accordingly, having found the evidence legally and factually
sufficient to support appellant=s convictions, we overrule his two issues
and  affirm the trial court=s judgments.

 

 

  

 

/s/        Kem
Thompson Frost

Justice

 

 

Judgment rendered and Memorandum Opinion filed January 25,
2007.

Panel consists of Justices Fowler, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).

 









[1]           Because appellant makes specific challenges
to the legal and factual sufficiency of the evidence, we address his specific
arguments separately.  





[2]           This court recently summarized a non-exclusive
list of possible affirmative links Texas courts have recognized as sufficient,
either singly or in combination, to establish a person=s possession of contraband.  See Olivarez v. State,
171 S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(citing Washington v. State, 902 S.W.2d 649, 652 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d).  The list includes the accused=s presence when a search is
conducted, whether the contraband was in plain view, the accused=s proximity to and the
accessibility of the narcotic, whether other contraband or drug paraphernalia
were present, whether the accused made furtive gestures, whether the accused
was found with a large amount of cash, and whether the conduct of the accused
indicated a consciousness of guilt.  Id. at 291. 

 





[3]           Deputy Cook testified that two bags of
cocaine were sitting to appellant=s
left.   Deputy Cook also testified that he helped prepare state=s exhibit number three, which was a diagram of the
living room.  The exhibit was a fair and accurate representation of the scene,
although it was not drawn to scale.  Based on this information, a rational jury
could have determined a gun was located under the loveseat on appellant=s right.