**Charles Augustine HAWKINS,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00043–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 8, 1985.

Lawrence B. Mitchell, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, ALLEN and GUILLOT, JJ.

CARVER, Justice.

Charles Augustine Hawkins appeals his conviction for unlawful possession with intent to deliver a controlled substance, namely, Pentazocine. Trial was before the court without a jury, and punishment, twice enhanced, was assessed by the trial court at twenty-five years imprisonment. In his single point of error, Hawkins asserts that there is insufficient evidence to prove intent to deliver the Pentazocine. We disagree and affirm Hawkins' conviction.

Lawrence Cummings, an undercover narcotics officer, and Steven Scholl, the arresting officer, testified on behalf of the State. Officer Scholl testified that on September 24, 1983, he and his partner were routinely patrolling a building at 1716 Nomas Street where drug trafficking was known to take place. The officer noticed two men stand-

ing inside the building, and testified that one of the men had money in his hand. When this man saw the officers, he shouted "police," and turned and fled. Officer Scholl testified that the other man, later identified as Hawkins, threw a plastic baggie to the ground and also fled. Hawkins was apprehended immediately, and Officer Scholl retrieved the baggie, which contained twenty-five tablets of Talwin, containing Pentazocine, and twenty-five tablets of PBZ Tripelennamine.

The officers further testified that the tablets are known as "T's and blues"; that they are taken together as a set; and that a heavy user could use four sets in a day. Officer Scholl testified that the house at 1716 Nomas Street where Hawkins was arrested was "very active" in bootlegging and drug trafficking; that he had observed drug sales taking place there; and that one of the windows in the house was specially constructed to facilitate drug transactions while hiding the participants from view. Hawkins, testifying in his own behalf, denied possession of the tablets, and stated that he was on the premises on the day in question drinking a can of beer and looking for the owner of the house.

### Evidence of Intent to Deliver

■ Hawkins does not challenge the sufficiency of the evidence of possession. Instead, he argues that the State failed to prove his intent to deliver the drug beyond a reasonable doubt. In reviewing this contention, we must look at all of the evidence in the light most favorable to the judgment, and will uphold a conviction if any rational trier-of-fact could have found the essential elements of the offense beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). After a careful review of the record, we conclude that there is sufficient evidence to support Hawkins' conviction.

Hawkins contends that a rational trier-of-fact is precluded from finding all of the elements of intent to deliver beyond a reasonable doubt because two equally reasonable inferences can be drawn from the evidence. He asserts that the inference that he had just purchased the drug for personal use is as reasonable as the inference of intent to deliver. He concludes that the State, therefore, failed to meet its burden of proof of intent to deliver. We disagree with Hawkins' argument.

The State's evidence included: (1) the arresting officer's testimony that Hawkins was holding the drug, facing a person holding money, inside a house that was a known location for drug trafficking, and that both men fled when they realized that the police had arrived; (2) expert testimony that a typical user would buy only a small quantity of the pills at a time and could not normally afford twenty-five sets at an approximate street value of $250.00 to $300.00; (3) expert testimony that the amount of the drug possessed here would take even a heavy user over six days to consume; (4) expert testimony that Hawkins did not bear the physical characteristics of a heavy user of "T's and blues;" and (5) Hawkins' own testimony that he had only "tried" the drug.

■ In addition to this evidence, Hawkins denied possession of the drug under oath. He now urges that he possessed the drug with intent to consume it himself. These assertions are inconsistent. While the mere denial of possession does not constitute a showing of intent to deliver, Hawkins' denial of possession in this case is inconsistent with the inference that he possessed the drug for personal use.

This Court's opinion in *Turner v. State*, 681 S.W.2d 849 (Tex.App.—Dallas, 1984, no writ), is distinguishable. In *Turner*, the facts were as consistent with the inference of purchase for personal use as they were with the inference of possession with intent to deliver. The State failed to meet its burden by producing any evidence to show that Turner was not a user. The court therefore held that the two hypotheses were equally reasonable, and that a trier-of-fact could not find the elements of intent to deliver beyond a reasonable doubt. Here, however, evidence was offered by the State that supported the inference of

intent to deliver and refuted the hypothesis of possession for personal use, so that the trial judge could find the essential elements of the offense beyond a reasonable doubt.

 The elements of possession with intent to deliver are, simply, knowing possession with intent to distribute. *United States v. Gonzales,* 700 F.2d 196, 204 (5th Cir.1983). Knowing possession was established when the trial judge stated that he had chosen to disbelieve Hawkins' testimony that he was innocently drinking a can of beer when the police arrived, and to believe the officer's eyewitness testimony that Hawkins possessed the drug. Intent to deliver can be inferred from the quantity of the drugs possessed and from other circumstances such as proximity to money. *Branch v. State,* 599 S.W.2d 324, 325 (Tex. Crim.App.1979) (original opinion) (rev'd on rehearing on other grounds). We hold that the evidence here is sufficient to support the trial court's finding of intent to deliver; consequently, we affirm.