Opinion filed July 1, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-08-00272-CR & 11-08-00273-CR

                                                    __________

 

                                  MIA
ALICIA COFFEE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court

                                                          Eastland
County, Texas

                                Trial Court Cause Nos. CR-07-21,337
& CR-07-21,472

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Mia
Alicia Coffee appeals from two guilty verdicts of tampering with physical
evidence and possession with intent to deliver cocaine in the amount of four
grams or more but less than 200 grams.  She was sentenced to five years
confinement for tampering with physical evidence and twenty-five years
confinement for possession with the intent to deliver.  We affirm.

Background
Facts

            On
March 22, 2007, Trooper Brandon Smedley of the Texas Department of
Public Safety observed appellant’s vehicle traveling at a high rate of speed.  Trooper
Smedley monitored appellant’s vehicle with his radar and calculated appellant’s
speed to be eighty-six miles per hour. Trooper Smedley initiated a traffic stop
and identified appellant as the driver.  Trooper Smedley noticed the odor
of marihuana and observed the front seat passenger attempting to hide an open
beer bottle.  Trooper Smedley asked appellant to exit and come to the back of
the vehicle.  While appellant was at the back of the vehicle, Trooper Smedley talked
with the passenger.  Trooper Smedley suspected that there was some type of
criminal activity going on, and he asked the passenger to step out of the
vehicle for a pat-down search.  During the pat-down search, the passenger was
not cooperative.  He kept putting his hand down by his waistband.  Trooper
Smedley felt what he thought were drugs in the waistband of the passenger’s
pants.  Before he could get the item and identify it, the passenger broke free and
ran around the car.  Trooper Smedley drew his gun and ordered both the
passenger and appellant to the ground, but neither appellant nor the passenger
complied.  Trooper Shaun Lewis arrived on the scene to assist Trooper Smedley.  The
troopers were then able to restrain both appellant and the passenger.  Trooper
Smedley found over eighty-eight grams of crack cocaine on appellant’s person. 

            In
two separate indictments, appellant was charged with possession with intent to
deliver cocaine in the amount of four grams or more but less than 200 hundred
grams and tampering with physical evidence.  Appellant pleaded not guilty to
both charges and proceeded to a jury trial on both indictments.  The jury found
appellant guilty of both charges.  She appeals each conviction.  We address
both appeals in one opinion.

Issues on Appeal

Appellant
contends that the evidence is legally and factually insufficient to support the
verdict that she tampered with physical evidence.  She also contends that the
evidence is factually insufficient to support the verdict that she
intentionally possessed cocaine with the intent to deliver it.

Standard of Review

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).

 To
determine if the evidence is factually sufficient, we review all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, we determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at 414-15;  Johnson, 23 S.W.3d at
10-11.

Tampering
with Evidence

            A
person commits an offense if, knowing that an investigation or official
proceeding is in progress, she alters, destroys, or conceals any record,
document, or thing with the intent to impair its verity, legibility, or availability
as evidence in the investigation or official proceeding.  Tex. Penal Code Ann. § 37.09(a)(1)
(Vernon Supp. 2009).  The elements of the offense are met when the offender
conceals a thing with the intent to impair its availability as evidence in an
investigation that she knows is in progress.  Williams v. State, 270
S.W.3d 140, 145 (Tex. Crim. App. 2008).  

            Appellant
argues that the drugs found on appellant were drugs that she possessed from the
time she exited the car.  Appellant asserts that the evidence does not show
that the drugs that were found on appellant were the same drugs that Trooper
Smedley thought he felt on the passenger during the pat-down.  Therefore,
appellant argues the evidence does not show that appellant tampered with physical
evidence that was part of an investigation.  We disagree.

            Trooper
Smedley testified that appellant was completely aware of what was going on and
was a willing participant in the altercation with the passenger.  The video
evidence of the stop shows that appellant was moving closer and closer to
Trooper Smedley and the passenger while he was being searched.  Trooper Smedley
testified that he believed appellant was waiting for a handoff of the drugs
from the passenger.  The video evidence also showed that appellant raised her
hands in the air and received the bag of drugs.  Trooper Smedley testified that
appellant could be seen shoving the drugs down her pants on the video.  Later,
appellant attempted to conceal the drugs better under her clothes.  Trooper Smedley
also testified that, when he asked appellant where the passenger had put the
drugs, she denied knowing anything about the drugs.  Appellant continued to
deny any knowledge of the drugs until a trooper started to conduct a pat-down
of her clothing.  Trooper Smedley testified that the drugs he found on
appellant’s person were the same drugs that he felt in his pat-down search of
the passenger.

            Deputy
Sheriff Robert Rains testified that he has extensive experience in dealing with
drug offenses.  Deputy Rains testified that he reviewed the video of the stop
and arrest of appellant.  He testified that he could see the drugs being passed
to appellant on the video.  He further testified that the passenger was loud
and tried to draw attention to himself so that appellant would have time to
hide the drugs.  Based on his review of the video and his experience in working
with drug offenses, Deputy Rains concluded that the actions of appellant and
the passenger were rehearsed and that appellant knew exactly what to do in the
event a law enforcement officer stopped them.  This indicated to him that she
knowingly and intentionally tampered with the evidence by hiding it.

            After
reviewing all the evidence, we find that the evidence was legally and factually
sufficient to support the jury’s verdict of guilty of tampering with physical
evidence.  Appellant knew that Trooper Smedley was conducting a drug
investigation.  The evidence shows that the passenger handed off the drugs to
appellant while he was running from Trooper Smedley.  The evidence further
shows that appellant was trying to hide the drugs in her waistband in order to impair
Trooper Smedley’s investigation.  She also was trying to hinder the
investigation by lying to Trooper Smedley about her knowledge of the location
of the drugs.  We overrule appellant’s issue in Cause No. 11-08-00273-CR.

Possession
with Intent to Deliver

            A
person commits the offense of possession of a controlled substance with the
intent to deliver if she knowingly exercised actual
care, custody, control, or management of the controlled substance and intended
to transfer, actually or constructively, the controlled substance to another. Tex. Health & Safety Code Ann. §§
481.002(8), (38), 481.112(a) (Vernon 2010); Hawkins v. State, 687 S.W.2d
48, 50 (Tex. App.—Dallas 1985, pet. ref’d).  Intent to deliver can be proven by
circumstantial evidence.  Rhodes v. State, 913 S.W.2d 242, 251 (Tex.
App.—Fort Worth 1995), aff’d, 945 S.W.2d 115 (Tex. Crim. App.
1997).  An oral expression of intent is not required; intent can be inferred
from the acts, words, and conduct of the accused.  Patrick v. State, 906
S.W.2d 481, 487 (Tex. Crim. App. 1995).  Some factors to consider in
determining intent include (1) the nature of the location where the defendant
was arrested, (2) the quantity of drugs the defendant possessed, (3) the manner
of packaging of the drugs, (4) the presence or absence of drug paraphernalia
(for use or sale), (5) whether the defendant possessed a large amount of cash
in addition to the drugs, and (6) the defendant’s status as a drug user.  Williams
v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d).  Expert testimony may be introduced to prove intent to deliver. Rhodes,
913 S.W.2d at 251.

          Trooper Smedley
testified that Trooper Lewis found scales that could be used in drug
transactions in the driver’s side door of the vehicle.  He further testified
that he did not find any other drug paraphernalia in the vehicle that would
indicate personal use of the drugs.  Deputy Rains testified that, if the
cocaine found was for personal use, he would expect to find some type of
paraphernalia to use the cocaine, such as a Brillo pad or crack pipe.  He also
testified that it was not unusual for there not to be any type of packaging
materials found because crack cocaine is not sold in packages.  Deputy Rains stated
that, in his expert opinion, the quantity of drugs found would indicate that
they were for distribution and not personal use.   

            Appellant argues that, because she only
possessed the drugs for a limited period of time when the passenger forced the
drugs upon her, she did not form the intent to deliver the drugs.  The evidence
demonstrates that appellant was involved in the entire altercation with Trooper Smedley. 
The evidence does not show that she was aware of the drugs only after the
passenger handed them to her.  Deputy Rains testified that the conduct of
appellant appeared rehearsed as if she knew what to do in the event that law
enforcement stopped them.  Her actions were not the actions of a person upon
whom drugs were forced by another but, rather, of a person involved in possessing
the drugs with the intent to deliver.  The evidence is factually sufficient to
support the jury’s verdict that appellant possessed drugs with the intent to
deliver.  Appellant’s issue in Cause No. 11-08-00272-CR is overruled.

Conclusion

            We affirm the trial court’s judgments.

 

 

                                                                                                RICK
STRANGE

July 1, 2010                                                                             JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.