**Opinion filed July 1, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00272-CR & 11-08-00273-CR

_____

## MIA ALICIA COFFEE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause Nos. CR-07-21,337 & CR-07-21,472**

## M E M O R A N D U M   O P I N I O N

Mia Alicia Coffee appeals from two guilty verdicts of tampering with physical evidence and possession with intent to deliver cocaine in the amount of four grams or more but less than 200 grams. She was sentenced to five years confinement for tampering with physical evidence and twenty-five years confinement for possession with the intent to deliver. We affirm.

*Background Facts*

On March 22, 2007, Trooper Brandon Smedley of the Texas Department of Public Safety observed appellant's vehicle traveling at a high rate of speed. Trooper Smedley monitored appellant's vehicle with his radar and calculated appellant's speed to be eighty-six miles per hour. Trooper Smedley initiated a traffic stop and identified appellant as the driver. Trooper Smedley noticed the odor of marihuana and observed the front seat passenger attempting to hide an open beer bottle. Trooper Smedley asked appellant to exit and come to the

back of the vehicle. While appellant was at the back of the vehicle, Trooper Smedley talked with the passenger. Trooper Smedley suspected that there was some type of criminal activity going on, and he asked the passenger to step out of the vehicle for a pat-down search. During the pat-down search, the passenger was not cooperative. He kept putting his hand down by his waistband. Trooper Smedley felt what he thought were drugs in the waistband of the passenger's pants. Before he could get the item and identify it, the passenger broke free and ran around the car. Trooper Smedley drew his gun and ordered both the passenger and appellant to the ground, but neither appellant nor the passenger complied. Trooper Shaun Lewis arrived on the scene to assist Trooper Smedley. The troopers were then able to restrain both appellant and the passenger. Trooper Smedley found over eighty-eight grams of crack cocaine on appellant's person.

In two separate indictments, appellant was charged with possession with intent to deliver cocaine in the amount of four grams or more but less than 200 hundred grams and tampering with physical evidence. Appellant pleaded not guilty to both charges and proceeded to a jury trial on both indictments. The jury found appellant guilty of both charges. She appeals each conviction. We address both appeals in one opinion.

*Issues on Appeal*

Appellant contends that the evidence is legally and factually insufficient to support the verdict that she tampered with physical evidence. She also contends that the evidence is factually insufficient to support the verdict that she intentionally possessed cocaine with the intent to deliver it.

*Standard of Review*

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To determine if the evidence is factually sufficient, we review all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part

*Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, we determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

*Tampering with Evidence*

A person commits an offense if, knowing that an investigation or official proceeding is in progress, she alters, destroys, or conceals any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(a)(1) (Vernon Supp. 2009). The elements of the offense are met when the offender conceals a thing with the intent to impair its availability as evidence in an investigation that she knows is in progress. *Williams v. State*, 270 S.W.3d 140, 145 (Tex. Crim. App. 2008).

Appellant argues that the drugs found on appellant were drugs that she possessed from the time she exited the car. Appellant asserts that the evidence does not show that the drugs that were found on appellant were the same drugs that Trooper Smedley thought he felt on the passenger during the pat-down. Therefore, appellant argues the evidence does not show that appellant tampered with physical evidence that was part of an investigation. We disagree.

Trooper Smedley testified that appellant was completely aware of what was going on and was a willing participant in the altercation with the passenger. The video evidence of the stop shows that appellant was moving closer and closer to Trooper Smedley and the passenger while he was being searched. Trooper Smedley testified that he believed appellant was waiting for a handoff of the drugs from the passenger. The video evidence also showed that appellant raised her hands in the air and received the bag of drugs. Trooper Smedley testified that appellant could be seen shoving the drugs down her pants on the video. Later, appellant attempted to conceal the drugs better under her clothes. Trooper Smedley also testified that, when he asked appellant where the passenger had put the drugs, she denied knowing anything about the drugs. Appellant continued to deny any knowledge of the drugs until a trooper started to conduct a pat-down of her clothing. Trooper Smedley testified that the drugs he found on appellant's person were the same drugs that he felt in his pat-down search of the passenger.

Deputy Sheriff Robert Rains testified that he has extensive experience in dealing with drug offenses. Deputy Rains testified that he reviewed the video of the stop and arrest of appellant. He testified that he could see the drugs being passed to appellant on the video. He further testified that the passenger was loud and tried to draw attention to himself so that appellant would have time to hide the drugs. Based on his review of the video and his experience in working with drug offenses, Deputy Rains concluded that the actions of appellant and the passenger were rehearsed and that appellant knew exactly what to do in the event a law enforcement officer stopped them. This indicated to him that she knowingly and intentionally tampered with the evidence by hiding it.

After reviewing all the evidence, we find that the evidence was legally and factually sufficient to support the jury's verdict of guilty of tampering with physical evidence. Appellant knew that Trooper Smedley was conducting a drug investigation. The evidence shows that the passenger handed off the drugs to appellant while he was running from Trooper Smedley. The evidence further shows that appellant was trying to hide the drugs in her waistband in order to impair Trooper Smedley's investigation. She also was trying to hinder the investigation by lying to Trooper Smedley about her knowledge of the location of the drugs. We overrule appellant's issue in Cause No. 11-08-00273-CR.

*Possession with Intent to Deliver*

A person commits the offense of possession of a controlled substance with the intent to deliver if she knowingly exercised actual care, custody, control, or management of the controlled substance and intended to transfer, actually or constructively, the controlled substance to another. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(8), (38), 481.112(a) (Vernon 2010); *Hawkins v. State*, 687 S.W.2d 48, 50 (Tex. App.—Dallas 1985, pet. ref'd). Intent to deliver can be proven by circumstantial evidence. *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App. 1997). An oral expression of intent is not required; intent can be inferred from the acts, words, and conduct of the accused. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Some factors to consider in determining intent include (1) the nature of the location where the defendant was arrested, (2) the quantity of drugs the defendant possessed, (3) the manner of packaging of the drugs, (4) the presence or absence of drug paraphernalia (for use or sale), (5) whether the defendant possessed a large amount of cash in addition to the drugs, and (6) the defendant's status as a drug user. *Williams v.*

*State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Expert testimony may be introduced to prove intent to deliver. *Rhodes*, 913 S.W.2d at 251.

Trooper Smedley testified that Trooper Lewis found scales that could be used in drug transactions in the driver's side door of the vehicle. He further testified that he did not find any other drug paraphernalia in the vehicle that would indicate personal use of the drugs. Deputy Rains testified that, if the cocaine found was for personal use, he would expect to find some type of paraphernalia to use the cocaine, such as a Brillo pad or crack pipe. He also testified that it was not unusual for there not to be any type of packaging materials found because crack cocaine is not sold in packages. Deputy Rains stated that, in his expert opinion, the quantity of drugs found would indicate that they were for distribution and not personal use.

Appellant argues that, because she only possessed the drugs for a limited period of time when the passenger forced the drugs upon her, she did not form the intent to deliver the drugs. The evidence demonstrates that appellant was involved in the entire altercation with Trooper Smedley. The evidence does not show that she was aware of the drugs only after the passenger handed them to her. Deputy Rains testified that the conduct of appellant appeared rehearsed as if she knew what to do in the event that law enforcement stopped them. Her actions were not the actions of a person upon whom drugs were forced by another but, rather, of a person involved in possessing the drugs with the intent to deliver. The evidence is factually sufficient to support the jury's verdict that appellant possessed drugs with the intent to deliver. Appellant's issue in Cause No. 11-08-00272-CR is overruled.

*Conclusion*

We affirm the trial court's judgments.


RICK STRANGE

July 1, 2010                                                            JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5