Opinion filed August 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00280-CR 

                                                    __________

 

                                    ODIS
RAY WILLIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 23932A 

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Odis
Ray Willis, appellant, was charged with two counts of possession of four grams
or more, but less than two hundred grams, of cocaine.  The first count alleged
possession with intent to deliver, but the second count alleged possession
only.  Both counts were enhanced with a prior conviction of appellant for
possession of cocaine with intent to deliver.  The jury found appellant guilty
of possession of cocaine with intent to deliver as alleged in count one.  Appellant
pleaded “true” to the enhancement paragraph, and the trial court assessed
punishment at fifteen years confinement.

             
This is a joint possession case.  Appellant’s passenger had previously pleaded
guilty and stipulated that she possessed the cocaine with the intent to
distribute it.  Appellant presents two points of error: (1) the evidence is
insufficient to prove that appellant intentionally possessed cocaine in an
amount of four grams or more but less than two hundred grams and (2) the
evidence is insufficient to prove that appellant possessed cocaine with the
intent to distribute it.  We affirm.

Background
Facts

            John
R. Wilson, a detective with the Abilene Police Department, was a patrol officer
at the time.  Shortly after midnight, he was turning left and noticed appellant
in an SUV beside him.  Although Officer Wilson had a green turn signal, the
light was still red for appellant; however, when Officer Wilson turned,
appellant went straight ahead through the red light.  Officer Wilson turned on
his lights and siren and pulled appellant over within two blocks.  Because of
the time of night and because appellant’s vehicle had very dark tinted windows,
Officer Wilson called for backup.  Officer Aron Bryan arrived within minutes.

            When
Officer Wilson asked appellant how many people were in the vehicle, appellant
told him that he only had a female passenger.  Officer Wilson ran a search of
appellant’s license for validity and a criminal history.  Based on that search,
Officer Wilson called for a canine unit.  Officer Thomas Peavy, a canine
officer, arrived within eight minutes of the stop.  Officer Katy Shriver was
with Officer Peavy.  Officer Wilson then prepared for the dog to do a “free air
sniff” where the dog is taken to the vehicle in question.  The first step was
to remove the occupants of the vehicle for their protection.   

            Officer
Wilson approached the driver’s side, and Officers Bryan and Shriver approached
the passenger’s side.  Officer Wilson had appellant step out of the SUV and go
to the front of his patrol car.  Officer Wilson was standing next to appellant
when the other two officers opened the passenger door for Mary Minor to get
out.  As Minor stepped out of the SUV, a clear plastic bag with 6.08 grams of
cocaine fell out of her lap onto the ground.  Officer Wilson testified that
appellant had a direct view of the passenger door, that appellant was watching
that area when Minor stepped out and cocaine fell to the ground, and that
appellant’s demeanor changed when it fell.  According to Officer Wilson,
appellant’s reaction was to slump his shoulders as “a child does when they get
into trouble by doing something bad.”  Officer Wilson demonstrated appellant’s
reaction to the jury and subsequently described appellant’s reaction as being
“upset at the fact that drugs were found.”  Officer Bryan picked up the cocaine
and gave it to Officer Wilson.  Both appellant and Minor were arrested.  Officer
Wilson weighed the amount and did a field test to confirm that it was cocaine.

             
Officers Bryan and Shriver confirmed that, when they opened the passenger door,
the baggie with cocaine was easily seen in Minor’s lap and that, when she stood
up, the cocaine fell from her lap. Officer Shriver added that anyone in the
vehicle would have been able to see the drugs in Minor’s lap.

            Officer
Peavy, the canine officer, had been with the Abilene Police Department for
twelve years. Officer Peavy testified that he works as security for pool halls
and pool tournaments.  He also plays pool during his leisure time.  Officer
Peavy had seen appellant playing pool a number of times at Rack Daddy’s, a
billiards hall.  In performing an inventory search of appellant’s SUV, Officer
Peavy recognized some pool cues that were worth a lot more money “than the
average K-Mart brand.”  He noted that three of the pool cues were custom made
and recognized that one was quite expensive.  Officer Wilson described the pool
cues as being the length and weight that a man would use to play pool.  Officer
Peavy described the pool cues as being the type that no one would leave in the
back of his car.  Appellant told Officer Wilson that he was buying the SUV; he
had taken over the payments on the SUV from a friend who was in jail.  In his
brief, appellant admits that he was buying the SUV.

            Officer
Peavy found additional cocaine in the top zipper pocket of a pool cue bag where
chalk and other accessories are kept.  He took that cocaine to Officer Wilson. 
The officers found no feminine articles in the vehicle.  The officers found no
needles, syringes, or items that are used to smoke or inject cocaine.  There
also were no articles, such as razor blades or scales, in the SUV that are
commonly associated with the distribution of drugs.  Appellant had $200 to $300
in cash, but Minor had no money with her.

            In
stating why the officers had not taken fingerprints off the large baggie of
cocaine, Officer Wilson replied that there was no need to because appellant was
the driver, appellant owned the car, appellant knew what was in the car, and
the officers found crack cocaine in a pool cue bag that matched the cocaine in
the larger baggie.  Although he first stated that the match was found in the
lab, he subsequently admitted that he was not at the lab when they tested the
cocaine and that he personally had no evidence that matched the two amounts of
cocaine.  Officer Wilson expressed his opinion that the crack cocaine that fell
from Minor’s lap was the largest amount of crack cocaine that he had seen in
Abilene and that normally a person caught with cocaine after a traffic
violation will not have that much crack cocaine.  He also testified that the
value of the 6.08 grams of cocaine was $600.

            The
State’s expert testified that the cocaine from the pool cue bag weighed 0.02
grams and was in the form that could be smoked and that the baggie that fell
out of Minor’s lap contained 6.08 grams of cocaine.

Sufficiency
of the Evidence Standard of Review

            We
review a sufficiency of the evidence issue, regardless of whether denominated
as a legal or a factual sufficiency claim, under the standard of review set
forth in Jackson v. Virginia, 443 U.S. 307 (1979); Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010); and Polk v. State, 337
S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d).  Under the Jackson
standard, we examine all of the evidence in the light most favorable to the
verdict and determine whether, based on that evidence and any reasonable
inferences from it, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at
319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  

            In a
prosecution for possession of a controlled substance, the State must prove that
the accused exercised care, custody, control, or management over the substance
and that the accused knew the substance was contraband.  Tex. Health & Safety Code Ann. §
481.002(38) (West 2010); Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim.
App. 2006); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). 
The State does not have to prove that the accused had exclusive possession of
the contraband; joint possession is sufficient to sustain a conviction.  Cude
v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).  

            When
the accused is not shown to have had exclusive possession of the place where
the contraband was found, the evidence must link the accused to the contraband
and establish that the accused’s connection with the drug was more than
fortuitous.  Evans, 202 S.W.3d at 161–62; Pollan v. State, 612
S.W.2d 594, 596 (Tex. Crim. App. 1981).  Courts have recognized a number of
factors that may link an accused to the drug.  Evans, 202 S.W.3d at 162
n.12.  The legal issue with respect to such “links” is “whether there was
evidence of circumstances, in addition to mere presence, that would adequately
justify the conclusion that the defendant knowingly possessed the substance.” Evans,
202 S.W.3d at 161–62 & n.9.  No set formula exists to dictate a finding of
links sufficient to support an inference of knowing possession of contraband.  Isbell
v. State, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); Taylor
v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  It is not
the number of links that is dispositive but, rather, the logical force of all
the evidence, direct and circumstantial.  Evans, 202 S.W.3d at 162.  

Analysis

            The
evidence linked appellant to the cocaine that fell from Minor’s lap.  Viewing
the evidence in the light most favorable to the verdict, there was evidence to
support six of the links listed in Evans: (1) appellant was present when
the cocaine fell from Minor’s lap; (2) the cocaine was in plain view on her
lap; (3) in the driver’s seat, appellant was very near the cocaine and easily
could have reached it (or tossed it into her lap); (4) when arrested, appellant
possessed other cocaine that was found in his pool cue bag; (5) appellant’s
demeanor and actions when the cocaine fell to the ground were incriminating;
and (6) appellant claimed ownership and possession of the SUV.

            Appellant
argues that he was at some distance from the SUV when the cocaine was found.  Appellant
was in front of Officer Wilson’s patrol car that was just behind appellant’s
SUV.  He was in the SUV minutes before Minor was taken from the SUV.  The
State’s theory that appellant, before leaving the SUV, tossed the cocaine into
Minor’s lap was not an unreasonable inference.  In the video, appellant was
first standing by his door while Officer Wilson ran the license check;
however, he got back into the SUV after a few minutes.  According to the video,
there was ample time for appellant to take the cocaine out of his pocket and place
it in Minor’s lap while Officer Wilson was in the patrol car.  During that
time, the passenger door was closed.  Both Officer Bryan and Officer Shriver
testified that Minor never touched the cocaine in her lap while they were watching
her, which apparently was after they opened the passenger door.  In the video,
appellant had his back to the camera, and Officer Wilson was to the left of
appellant.  Officer Wilson was in a position to view appellant’s face and body
demeanor, and the video does confirm that appellant was watching to see Minor
get out of the SUV.

The
fact that the cocaine in the pool cue bag was ready to smoke indicates
appellant’s relationship to cocaine.  Officer Peavy testified that the pool
cues were expensive and that appellant’s friend in jail would not have left
them in the SUV when he sold it to appellant.  The most reasonable inference is
that the pool cues belonged to appellant, especially when Officer Peavy’s
testimony is considered.    

            There
were 6.08 grams of crack cocaine in Minor’s lap.  According to Officer Wilson,
the average street value of a gram of crack cocaine is $100.  Thus, the value
of the crack cocaine that fell from Minor’s lap was about $600.  Inferences of
intent to deliver can be proven by the amount of the controlled substance and
the manner in which it was possessed.  Ingram v. State, 124 S.W.3d 672,
675–76 (Tex. App.—Eastland 2003, no pet.).  Inferences from the location of
arrest, quantity of the controlled substance possessed, manner of packaging,
large amount of cash, and defendant’s status as a drug user may be used to
determine intent.  Williams v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d).  Intent to deliver may be inferred from the
amount possessed, especially if it is more than an ordinary user would have for
personal consumption.  See United States v. Pineda-Ortuno, 952 F.2d 98,
102 (5th Cir. 1992); Taylor, 106 S.W.3d at 831–32 (holding that 1.3
grams was consistent with thirteen individual uses and an intent to deliver in
view of plastic bags); Mack v. State, 859 S.W.2d 526, 527–29 (Tex. App.—Houston
[1st Dist.] 1993, no pet.) (holding that twenty-nine rocks of crack cocaine in
defendant’s possession sufficient to show intent to deliver because this amount
was not normal for personal consumption).  Officer Wilson testified that the
6.08 grams was not normal for personal consumption.  There was a large amount
of cocaine in the baggie, and there was no drug paraphernalia in the SUV that
would indicate that appellant had that cocaine for personal use.    

            After
considering all of the evidence in the light most favorable to the verdict and
reasonable inferences from it, we find that any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson,
443 U.S. at 319.  Appellant’s points of error are overruled.

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

            

 

 

                                                                                                TERRY
McCALL

August, 9, 2012                                                                      JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.