Jessie Lee TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00819–CR.

Court of Appeals of Texas, Dallas.

Nov. 1, 1984.

Richard Aguire, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and GUILLOT, JJ.

STEPHENS, Justice.

Jessie Lee Turner, convicted by a jury of possession of a controlled substance with intent to deliver, and sentenced to life imprisonment under the recidivist statute, appeals. In his first ground of error, appellant asserts that the evidence was insufficient to convict him of the offense charged. We agree, and reverse appellant's conviction and remand.

On August 6, 1982, at about 4:00 a.m., a police officer observed appellant and another individual leaning against a car in a location known as a high drug traffic area. As the officer approached the men, the appellant removed his hand from his pocket and dropped a small brown object. Appellant was placed under arrest, and the object recovered.

The object was a woman's nylon stocking containing seventeen foil packages. Each foil package contained one Talwin tablet, which contains the controlled substance pentazocine; and fifteen of the packages also contained one PBZ tablet. When melted together and injected, these drugs produce a "heroin-like" effect, and packaging them in this manner is common when they are sold on the street. At the time of appellant's arrest, the approximate "street value" of each foil package containing both tablets was ten dollars.

Both men were searched, but neither possessed any drug paraphernalia. The person who was with the appellant was not arrested. There is conflicting evidence regarding whether this person was intoxicated, but the officers testified appellant was not. After the appellant was arrested, an inventory revealed he had $249.26 in his possession.

■■■ Appellant asserts the State failed to introduce sufficient evidence to prove the essential element of intent to deliver.

We agree. In passing upon the sufficiency of the evidence, we must review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). When viewed with the other facts in this case, the quantity of drugs (seventeen "hits"), the packaging, and the amount of money in appellant's possession are not sufficient to support an inference that he had the requisite intent charged in the indictment. The facts are as consistent with the inference that appellant had just purchased the drugs for personal use, as they are with the inference that he possessed the drugs with the intent to deliver. *Cf. Branch v. State*, 599 S.W.2d 324 (Tex.Crim. App.1980). When two equally reasonable inferences exist, we cannot say that any trier of fact could have found the essential element of the offense beyond a reasonable doubt.

■■■ It is not sufficient for the State to argue that since the appellant did not prove that he was an addict or a user, he must have possessed the drugs with the intent to deliver. The State bears the entire burden of proof, and it is incumbent on the State to prove every element of the offense. *Wright v. State*, 603 S.W.2d 838 (Tex.Crim. App.1980). It is only after the State has carried its burden that a burden may be placed upon a defendant to prove by a preponderance of the credible evidence some fact relieving him of criminal liability. *Charles v. State*, 636 S.W.2d 5 (Tex.App.— Dallas 1982). The State failed to carry its burden of proving appellant's intent to deliver; however, the evidence was sufficient to support a conviction for the lesser included offense of possession of a controlled substance.

The judgment of the trial court is reversed and an acquittal for the charge of possession with intent to deliver is ordered; the case is remanded for a new trial on the offense of possession of a controlled sub-

stance in accordance with *Granger v. State,* 605 S.W.2d 602 (Tex.Crim.App.1980); *Ex Parte Harris,* 600 S.W.2d 791 (Tex. Crim.App.1980); *Garza v. State,* 632 S.W.2d 823 (Tex.App.—Dallas 1982).