Affirmed and Memorandum Opinion
filed March 23, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-00977-CR



Thomas Joseph
Gamelin, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 339th District Court

Harris County, Texas

Trial Court
Cause No. 1150111



 

MEMORANDUM OPINION 

Appellant Thomas Joseph Gamelin appeals his
conviction for the felony offense of possession of a controlled substance with
intent to deliver, challenging the legal and factual sufficiency of the
evidence to support the conviction.  We affirm.

I.         Factual and
Procedural Background

            Police officers in
a patrol car observed appellant driving a vehicle.  A routine computer check
revealed that the vehicle’s license plate was associated with an outstanding
city warrant.  The officers followed the vehicle as it turned into a motel
parking lot and parked behind the motel.  According to one of the officers, the
area was considered a “hot spot” for criminal activity.  The officers activated
the patrol car’s emergency lights and approached the vehicle.  When one of the
officers requested appellant’s driver’s license and proof of insurance,
appellant, the vehicle’s sole occupant, did not produce either document.  

The officers ordered appellant to exit the vehicle,
placed him under arrest, and handcuffed him.  The officers observed that as
appellant walked to the patrol car, he moved in a smooth, stiff-legged manner
as if he were gliding.  Based on their training, the officers believed that
appellant’s gait was indicative that he was attempting to conceal something. 
The officers searched appellant and felt a large, hard lump between his
buttocks.  The officers loosened his belt, shook his shorts, and observed a
large, clear plastic bag fall from appellant’s shorts. 

The bag contained six separate, smaller bags, and the
contents of the bags appeared to be crack cocaine.  A field test confirmed that
the substance in the bags was cocaine.  Subsequent lab tests revealed that the
package contained 13.5 grams of cocaine.  Based on their training, the officers
believed that the separate packaging and the amount of narcotics involved was
not consistent with the packaging or quantity typically associated with
personal use.  The officers did not recover any narcotics paraphernalia.  

Appellant was charged by indictment with the felony
offense of possession of a controlled substance with intent to deliver, to
which he pleaded “not guilty.”  At trial, appellant’s brother Michael testified
that the cocaine belonged to him and that appellant had taken the package of
cocaine during an argument, placed it in his shorts, and planned to dispose of it
to prevent Michael from abusing the narcotics. 

The jury found appellant guilty as charged.  After
finding two enhancement paragraphs to be true, the trial court assessed
punishment at forty years’ confinement.

II.        Analysis

In a single issue, appellant challenges the legal and
factual sufficiency of the evidence to support that he knowingly possessed
cocaine with the intent to deliver.  A person commits an offense if he knowingly
possesses, with intent to deliver, a controlled substance.  See Tex. Health & Safety Code Ann. §
481.112(a) (Vernon 2003 & Supp. 2009).  Cocaine is considered a controlled
substance.  See id. § 481.102(3)(D) (Vernon 2003 & Supp. 2009).  

In evaluating a legal‑sufficiency challenge, we
view the evidence in the light most favorable to the verdict.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is
not whether the reviewing court believes the State’s evidence or believes that
appellant=s evidence
outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may not be overturned unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v.
State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier
of fact, “is the sole judge of the credibility of the witnesses and of the
strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve any
portion of the witnesses’ testimony.   Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When faced with conflicting evidence, we presume
the trier of fact resolved conflicts in favor of the prevailing party.  Turro
v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997).

In contrast, when evaluating a challenge to the
factual sufficiency of the evidence, we view all the evidence in a neutral light
and inquire whether we are able to say, with some objective basis in the
record, that a conviction is “clearly wrong” or “manifestly unjust” because the
great weight and preponderance of the evidence contradicts the jury’s verdict. 
Watson v. State, 204 S.W.3d 404, 414B17
(Tex. Crim. App. 2006).  It is not enough that this court harbor a subjective
level of reasonable doubt to overturn a conviction that is founded on legally
sufficient evidence, and this court cannot declare that a conflict in the
evidence justifies a new trial simply because it disagrees with the jury’s
resolution of that conflict.  Id. at 417.  If this court determines the
evidence is factually insufficient, it must explain in exactly what way it
perceives the conflicting evidence greatly to preponderate against conviction. 
Id. at 414B17. 
Our evaluation should not intrude upon the fact finder’s role as the sole judge
of the weight and credibility given to any witness’s testimony.  See Fuentes,
991 S.W.2d at 271.  In conducting a factual‑sufficiency review, we
discuss the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

Possession

“‘Possession’ means actual care, custody, control or
management.”  Tex. Health & Safety
Code Ann. § 481.002(38) (Vernon 2003 & Supp. 2009).  To prove
unlawful possession of a controlled substance, the State must establish that
the accused (1) exercised care, control, or management over the contraband, and
(2) knew the substance was contraband.  Poindexter v. State, 153 S.W.3d
402, 405 (Tex. Crim. App. 2005).  The elements of possession may be proven
through direct or circumstantial evidence, although the evidence must establish
that the accused’s connection with the substance was more than fortuitous.  Id.
at 405–06.  Evidence must affirmatively link the accused to the
offense so that one reasonably may infer that the accused knew of the
contraband’s existence and exercised control over it.  Hyett v. State,
58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  Courts
have identified a non-exhaustive list of factors that may help to show an
accused’s affirmative links to a controlled substance, including (1) the
accused’s presence when a search is conducted, (2) whether the contraband was
in plain view, (3) the accused’s proximity to and accessibility of the
narcotic, (4) whether the accused was under the influence of narcotics when
arrested, (5) whether other contraband or narcotics were found in the accused’s
possession, (6) any incriminating statements the accused made when arrested,
(7) whether the accused made furtive gestures or attempted to flee, (8) any
odor of contraband, (9) the presence of other contraband or paraphernalia, (10)
the accused’s ownership or right to possess the place where the narcotics were
found, (11) whether the place where the narcotics were found was enclosed, (12)
whether the accused was found with a large amount of cash, and (13) whether the
conduct of the accused indicated consciousness of guilt.  See Evans v. State,
202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).  We also have considered the
presence of a large quantity of contraband as a factor affirmatively linking an
appellant to the contraband. See Olivarez v. State, 171 S.W.3d 283, 292
(Tex. App.—Houston [14th Dist.] 2005, no pet.).  Although no set formula
necessitates a finding of an affirmative link sufficient to support an
inference of knowing possession, affirmative links are established by the
totality of the circumstances.  Hyett, 58 S.W.3d at 830.  The number of
factors present is not as important the logical force the factors create to
prove the accused knowingly possessed the controlled substance.  Roberson v.
State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

In this case, the police officers testified that they
observed appellant walking in such a manner that they believed he was attempting
to conceal something.  Appellant’s unusual gait attracted their attention and aroused
their suspicions.  When they searched appellant, they felt a hard lump between
appellant’s buttocks, and they observed a clear plastic bag containing 13.5
grams of cocaine fall from appellant’s shorts during their search, suggesting
appellant’s intent to conceal the substance, knowing it was illegal contraband. 
Appellant’s brother testified that appellant took the narcotics from his
brother’s possession and concealed them in his pants before leaving the
apartment that the brothers shared.  These factors, especially when combined,
can be considered evidence of appellant’s possession and knowledge of the
presence and nature of the contraband and his control over the contraband that
would support a trier of fact’s conclusion in that regard.  See Evans,
202 S.W.3d at 166.  

Appellant points to the testimony of his brother,
Michael, as evidence that the narcotics belonged to Michael and that appellant
possessed the narcotics only because he removed them from Michael’s possession
in an attempt to prevent substance abuse.  For support, appellant points to the
brief passage of time between his arrest and his departure from the apartment. 
Though appellant was arrested shortly after leaving the apartment and in close
proximity to the apartment the brothers shared, the jury, as the trier of fact,
serves as the sole judge of the credibility of the witnesses and of the
strength of the evidence, and the jury was free to believe or disbelieve any
portion of the witnesses’ testimony.  See Sharp, 707 S.W.2d at 614; Fuentes,
991 S.W.2d at 271.  The jury could have believed the officers’ testimony
and disbelieved Michael’s testimony.  See Evans, 202 S.W.3d at 165
(providing that jury was not required to believe evidence that narcotics
belonged to someone else).

Viewing the evidence in the light most favorable to
the verdict, we conclude a rational trier of fact could have found beyond a
reasonable doubt that appellant had knowledge of the contraband and exercised
control over it.  See id. at 166; Moreno v. State, 195 S.W.3d
321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Viewing the
evidence in a neutral light, we are not able to say with some objective basis
in the record that the jury’s determination that appellant possessed the
narcotics is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See Moreno,
195 S.W.3d at 326 (holding evidence was legally and factually sufficient to
support conviction for possession of heroin with intent to deliver).  We
therefore hold that the evidence is legally and factually sufficient to support
the element of possession of a controlled substance.

Intent to Deliver

            “Deliver” means
to transfer, actually or constructively, a controlled substance to another.  See
Tex. Health & Safety Code Ann.
§ 481.002(8) (Vernon 2003).  Intent to deliver a controlled substance can be
proven through circumstantial evidence, such as the quantity of the narcotics
possessed or evidence that an accused possessed the contraband.  Patterson
v. State, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.).  “Intent
can be inferred from the acts, words, and conduct of the accused.”  Patrick
v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

            Factors that a
reviewing court may consider in determining intent to deliver include (1) the
nature of the location at which the accused was arrested, (2) the quantity of
the contraband in the accused’s possession, (3) the manner of packaging of the
narcotics, (4) the presence of or lack of narcotics paraphernalia for either
use or sale, (5) large amounts of cash, or (6) the accused’s status as a
narcotics user.  Moreno, 195 S.W.3d at 325.  The quantity of factors implicated
in our analysis is not as important as the logical force of the factors in
establishing the elements of the offense.  Id.  

The record reflects that appellant possessed a
plastic bag containing approximately 13.5 grams of cocaine, divided between six
smaller plastic bags.  Expert testimony by experienced law enforcement
officers, as in this case, may be used to establish an accused’s intent to
deliver.  See Mack v. State, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st
Dist.] 1993, no pet.).  Although appellant claims that the quantity of cocaine
was minimal and indicative of an amount intended for personal use, one of the
officers testified that the quantity of cocaine found in appellant’s possession
was not consistent with an amount intended for personal use.  See id. at
528–29 (holding possession of 8.9 grams of crack cocaine was a
sufficient amount from which to infer an intent to deliver).  Each of the
officers testified that the geographic area where the incident occurred was a
known “hot spot” for criminal activity and narcotics trafficking.  The manner
of packaging of the contraband suggests that the smaller bags of cocaine were
intended for sale or distribution.  The record also indicates that the officers
on the scene did not recover any paraphernalia used to consume narcotics in
appellant’s possession or in the vehicle.  See Moreno, 195 S.W.3d at 326
(concluding absence of paraphernalia for consumption supports evidence to show
intent to deliver); Mack, 859 S.W.2d at 528, 529 (concluding that
absence of paraphernalia for smoking or using cocaine supports an intent to
deliver rather than an intent to consume).  Had such paraphernalia been found,
it could have been considered as a factor indicating intent to make personal
use of the contraband.  The lack of such paraphernalia tends to show intent to
deliver.  

In viewing the evidence in the light most favorable
to the verdict, we conclude a rational trier of fact could have determined
beyond a reasonable doubt that appellant possessed the narcotics with intent to
deliver.  See Moreno, 195 S.W.3d at 326.  Likewise, when viewing the
evidence in a neutral light, we are not able to say with some objective basis
in the record that appellant’s conviction is clearly wrong or manifestly unjust
because the great weight and preponderance of the evidence contradicts the jury’s
verdict.  See id.  Therefore, we hold that the evidence is
legally and factually sufficient to support appellant’s conviction for
possession of cocaine with intent to deliver.  

We overrule appellant’s sole issue and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Brown,
and Senior Justice Hudson.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









* Senior Justice H. Harvey Hudson sitting
by assignment.