**Opinion filed July 10, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00160-CR

_____

## DANNY RAY GUTTERY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14646**

## MEMORANDUM OPINION

Appellant, Danny Ray Guttery, appeals his conviction for possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). Upon Appellant's plea of "true" to an enhancement allegation, the trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of

sixty years and a fine of $5,000. In a single issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

The indictment alleged that, on or about May 10, 2011, Appellant knowingly possessed, with the intent to deliver, a controlled substance—namely, methamphetamine—in an amount of four grams or more but less than two hundred grams. Sergeant Scott Mitcham of the Mineral Wells Police Department testified that he set up surveillance on Room 113 at the Executive Inn in Mineral Wells, Texas, after he received information that methamphetamine was being sold there. The surveillance showed traffic consistent with drug trafficking, which Sergeant Mitcham described as follows: "[v]ehicles coming, parking in front, going inside for a minute, and leaving." Sergeant Mitcham then conducted a "controlled buy" inside the motel room using a confidential informant. The informant told Sergeant Mitcham that there were more narcotics in the motel room and that both Appellant and an individual named Calvin Teague participated in the drug transaction.

Based on the results of the surveillance and the informant's controlled buy, Sergeant Mitcham obtained a warrant to search Room 113 at the Executive Inn. Sergeant Mitcham and several other officers executed the warrant on May 10, 2011. They found Appellant and Teague inside the motel room.

Sergeant Mitcham noted that the motel room had two beds with a nightstand in between them. On the bed closest to the door, a small zipper bag was found that contained a plastic baggie filled with a white crystal substance that Sergeant Mitcham believed to be methamphetamine.[1] Sergeant Mitcham noted that Appellant was sitting on the bed next to the zipper bag when the officers first entered the motel room. On the nightstand beside the bed, in plain view, Sergeant

---

[1]Forensic Scientist William Todsen testified that this substance weighed 5.64 grams and contained methamphetamine.

2

Mitcham found a set of digital scales, two loaded syringes, and another plastic baggie containing a white crystal substance suspected to be methamphetamine.[2] Sergeant Mitcham also obtained the receipt for the motel room and noted that the room was registered in Appellant's name.

Sergeant Mitcham explained that 0.5 grams of methamphetamine is typical for personal use, and he noted that the amount of methamphetamine found in this case was "way too much" for personal use. Sergeant Mitcham noted that, because methamphetamine is sold by weight, digital scales are used by dealers to weigh the drug and charge accordingly. Sergeant Mitcham stated that the set of digital scales and the amount of methamphetamine recovered in this case were "very indicative of drug trafficking."

*Analysis*

Appellant contends that the evidence was insufficient to support his conviction because it did not sufficiently link him to the methamphetamine. He additionally asserts that the evidence was insufficient to establish that he possessed the methamphetamine with the intent to deliver. We disagree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

---

[2]Todsen testified that this substance weighed 4.46 grams and contained methamphetamine.

3

To prove unlawful possession of a controlled substance, the State must show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *See id.* The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely on fortuitous proximity to someone else's drugs. *Poindexter*, 153 S.W.3d at 406. Thus, when the accused is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances that affirmatively link the accused to the contraband. *Id.*

Courts have identified the following factors as affirmative links that may establish an accused's knowing possession of a controlled substance: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to, and the accessibility of, the contraband; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed narcotics or other contraband when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the accused was found with

a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). It is the logical force of such links, rather than mere quantity, that is important in determining whether the evidence is sufficient to connect the accused to the alleged contraband. *Id.* at 162. The list of affirmative links is not exclusive. *Id.* Appellate courts do not balance the absent affirmative links against the affirmative links that are present. *See Wiley v. State*, 388 S.W.3d 807, 814 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). In other words, the absence of various affirmative links is not evidence of innocence. *Id.*

The methamphetamine at issue in this appeal was found in a motel room registered in Appellant's name. It was found within close proximity of Appellant at the time the officers executed the search warrant. Two syringes and a set of digital scales were also located in close proximity to Appellant in plain view. Additionally, the confidential informant indicated that Appellant was involved in the delivery of methamphetamine at the time the controlled buy occurred. These facts provided sufficient affirmative links for the jury to have concluded that Appellant knowingly possessed the methamphetamine found in his motel room.

We also conclude that there was sufficient evidence to establish Appellant's intent to deliver. "Deliver" means to transfer, actually or constructively, a controlled substance to another. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (West Supp. 2013). Intent to deliver a controlled substance can be proved by circumstantial evidence, including evidence that an accused possessed the contraband. *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.); *Ingram v. State*, 124 S.W.3d 672, 675–76 (Tex. App.—Eastland 2003, no pet.). Factors courts consider in determining whether an accused had the intent to deliver include: (1) the nature of the location at which the

5

accused was arrested; (2) the quantity of the controlled substance in the accused's possession; (3) the manner of packaging; (4) the presence or lack thereof of drug paraphernalia (for either use or sale); (5) the accused's possession of large amounts of cash; and (6) the accused's status as a drug user. *Moreno*, 195 S.W.3d at 325; *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Moreno*, 195 S.W.3d at 326; *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Expert testimony by an experienced law enforcement officer may be used to establish an accused's intent to deliver. *Moreno*, 195 S.W.3d at 326; *Mack v. State*, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

The officers arrested Appellant after police surveillance and information provided by a confidential informant confirmed suspicions that the motel room registered in Appellant's name was the location of a drug-dealing operation. The officers recovered 10.1 grams of methamphetamine from Appellant's motel room. Sergeant Mitcham explained that 0.5 grams of methamphetamine is typical for personal use and noted that the amount of methamphetamine found in this case was "way too much" for personal use. Furthermore, the officers found a set of digital scales in the motel room. Sergeant Mitcham testified that methamphetamine is sold by weight and noted that dealers use digital scales to weigh and price the narcotics they sell. Sergeant Mitcham stated that the set of digital scales, coupled with the amount of methamphetamine found in this case, was "very indicative of drug trafficking." Accordingly, evidence offered at trial provided the jury with a sufficient basis to conclude, beyond a reasonable doubt, that Appellant possessed the methamphetamine with the intent to deliver. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


July 10, 2014

Do not publish. See TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.