**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00118-CR**
_____

**IAN ALAN ROBERTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 366th District Court**
**Collin County, Texas**
**Trial Cause No. 366-84331-2019**
_____

**MEMORANDUM OPINION**

A jury convicted appellant Ian Alan Robertson of possession of a controlled substance with the intent to manufacture or deliver, and the trial court assessed punishment at fifteen years of confinement. On appeal, Robertson challenges the legal sufficiency of the evidence to support his conviction. We affirm the trial court's judgment.

1

THE EVIDENCE

Brent Parker testified that on July 3, 2019, he was stopped at a red light when the driver of the vehicle in front of him floored the accelerator and ran through the intersection. According to Parker, the vehicle drifted from lane to lane narrowly missing the passing cars. Parker explained that when he encountered the vehicle at the next stop light, he observed the driver turn left, weave through traffic, drive off the road, and hit a tree. Parker testified that he pulled over, called 9-1-1, and while waiting for the police to arrive, he observed the driver exit the vehicle and sit by a tree. According to Parker, he observed the driver "interacting with the ground in some way[]" and then return to his vehicle. Parker testified that when he showed the officer where the driver had sat, he could see that the ground had been disturbed. Parker identified Robertson as the driver.

Sergeant Christopher Kennedy of the McKinney Police Department testified that on July 3, 2019, he responded to a call involving a vehicle striking a tree, and Kennedy identified Robertson as the driver of the vehicle. Kennedy explained that Robertson reported that he was involved in a road rage incident and that the other driver ran him off the road causing him to strike the tree. Kennedy testified that he did not observe any scrape marks on Robertson's vehicle indicating that he had been pushed. Kennedy explained that Robertson's demeanor was "[v]ery excitable[,]" and Kennedy suspected Robertson was on "some kind of intoxicant[.]"

Kennedy testified that he spoke to two witnesses, who stated that no other vehicles were involved in the accident, and both witnesses reported that after the accident, Robertson removed items from his car and ran to a certain location and hid the items by burying them. Kennedy explained that one witness led him to a grass covered median where Robertson had been, and Kennedy moved a few leaves and found a "half-dollar sized baggie" containing a white powdery substance. Kennedy testified that based on Robertson's demeanor, he believed the substance Robertson buried was cocaine or methamphetamine. Kennedy explained that he called the narcotics detective to investigate the scene.

Officer William McClusky of the McKinney Police Department testified that on July 3, 2019, he responded to a call regarding a single-car accident involving a tree. McClusky testified that Robertson's speech and body language was "[v]ery aggressive" and argumentative. McClusky explained that after Kennedy reported that a controlled substance was involved and that Robertson had tampered with evidence, McClusky searched the passenger side of Robertson's vehicle and found a scale commonly used to weigh narcotics. McClusky testified he arrested Robertson for tampering with evidence and manufacturing or delivery of a controlled substance.

An undercover officer, a corporal with the McKinney Police Department, testified that he works in the narcotics unit and conducts narcotics investigations.

The undercover officer testified that on July 30, 2019, he was working as the on-call narcotics detective when he responded to Kennedy's request to investigate a narcotics case. The undercover officer described Robertson as being "hot and cold[]" and "[r]eally sweaty[,]" and based on Robertson's demeanor, the undercover officer believed Robertson was under the influence of a narcotic. The undercover officer testified that he field tested the narcotics recovered at the scene and determined that it was methamphetamine. The undercover officer also explained that the other officers who searched Robertson's vehicle found drug paraphernalia, including scales, which are consistent with selling narcotics.

The undercover officer further testified that based on his training and experience, the methamphetamine found at the scene was not a user amount, and the undercover officer opined that Robertson possessed methamphetamine with the intent to deliver. The undercover officer explained that it was not "normal[]" for a "true methamphetamine user" to have over ten grams of methamphetamine because a user only buys enough to use. The undercover officer also explained that Robertson's demeanor did not affect his opinion that Robertson was a dealer because dealers commonly sell narcotics to support their own habit.

The undercover officer further testified that Robertson voluntarily admitted "that it was his stuff and . . . he's basically the one that purchases it to sell it and he was offering up [a] bigger dealer than him - - his words." According to the

4

undercover officer, Robertson was "talking about buying ounces of meth[,]" and was trying to give a dealer name "[i]n lieu of going to jail." The undercover officer testified that he gave Robertson the opportunity to work off his case by giving them the opportunity to go after the "bigger fish," but Robertson never contacted him.

Paige McWhorter, a forensic investigator with the McKinney Police Department testified that on July 3, 2019, she collected the evidence, which included a baggie with a crystal-like substance, from the location where Robertson had placed it on the ground. McWhorter testified that a digital scale, a grinder, and a glass pipe were recovered from Robertson's vehicle. Renea Eckelkamp, a forensic analyst with the Texas Department of Public Safety Crime Lab, testified that she tested the crystalline substance recovered from the scene and determined it contained 10.13 grams of methamphetamine.

A second undercover officer, an investigator with the Allen Police Department who is assigned to the narcotics unit, testified that a typical user amount of methamphetamine is "anywhere from half a gram to a gram." The second undercover officer testified that drug dealers commonly sell to fund their own habit and make money. According to the second undercover officer, an individual carrying 10.13 grams of methamphetamine accompanied with a digital scale or drug paraphernalia has possession with intent to deliver. The second undercover officer testified that based on his training and experience, the presence of a digital scale

5

leads him to suspect that the individual is breaking methamphetamine down into smaller amounts to distribute.

ANALYSIS

In issue one, Robertson contends that the evidence showing he possessed ten grams of methamphetamine and a digital scale is insufficient to establish he had an intent to deliver. Robertson does not contest the sufficiency of the evidence showing that he possessed the methamphetamine, but that the State failed to prove the additional element of intent to deliver. The State contends that the evidence is sufficient to support the jury's finding because in addition to possessing a digital scale, Robertson admitted that he was going to sell the methamphetamine, and he possessed an amount of methamphetamine that was more than for personal use.

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the ultimate authority on the credibility of the witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). An appellate court may not sit as a thirteenth juror and substitute its judgment for that of the factfinder by

reevaluating the weight and the credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. A reviewing court must give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *See Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all evidence when viewed in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. We treat direct and circumstantial evidence equally. *Id.* While the State has the burden of proof, it need not introduce direct evidence to establish the defendant is guilty of a crime. *See Hooper*, 214 S.W.3d at 14. Instead, the evidence need only "point directly and independently to the defendant's guilt[.]" *Id.* at 13. On appeal, we will affirm the conviction when the "cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.*

A person commits possession of a controlled substance with intent to deliver if he knowingly possesses methamphetamines that is "by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." Tex.

7

Health & Safety Code Ann. §§ 481.102(6),[1] 481.112(a), (d). "'Possession' means actual care, custody, control, or management." *Id.* § 481.002(38).[2] "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015). Intent to deliver may be proved by circumstantial evidence, such as the quantity of drug possessed, the manner of packaging, and the presence of large amounts of money, including evidence regarding a defendant's possession of the drugs. *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.—Dallas 1987, pet. ref'd); *Mack v. State*, 859 S.W.2d 526, 528-29 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Additional factors include whether the defendant is a drug user, the nature of the location where the defendant was arrested, the presence of or absence of drug paraphernalia, and whether there is evidence of other drug transactions. *Kibble v. State*, 340 S.W.3d 14, 18-19 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Smith*, 737 S.W.2d at 941.

---

[1]We cite to the current version of section 481.102 of the Texas Health and Safety Code because the 2021 amendment does not affect the outcome of this appeal.

[2]We cite to the current version of section 481.002 of the Texas Health and Safety Code because the 2021 amendment does not affect the outcome of this appeal.

The evidence most favorable to the verdict shows that Robertson possessed 10.13 grams of methamphetamine, and that based on the training and experience of the undercover officers, that amount of methamphetamine is not a typical user amount. The evidence also showed that drug paraphernalia was found in Robertson's vehicle, including a digital scale which is consistent with selling narcotics. According to both undercover officers, Robertson possessed methamphetamine with intent to deliver. Additionally, the first undercover officer explained that Robertson voluntarily admitted the methamphetamine was his and that he purchases and sells methamphetamine. The evidence also showed that Robertson's demeanor did not affect the first undercover officer's opinion that Robertson was a dealer, and that both undercover officers agreed that it is common for dealers to sell narcotics to support their own habit.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational jury could find, beyond a reasonable doubt, that Robertson committed the offense of possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d); *see also Jackson*, 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13; *Smith*, 737 S.W.2d at 941. We overrule Robertson's sole issue and affirm the trial court's judgment.

9

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 4, 2021
Opinion Delivered July 28, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.