

# NUMBER 13-24-00015-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE CRUZ TUNAL,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 451ST DISTRICT COURT
## OF KENDALL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Jose Cruz Tunal of possession with intent to deliver a controlled substance in penalty group one weighing more than four and less than 200 grams, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). The trial court sentenced Tunal to forty years' imprisonment. By a single issue, Tunal argues that the evidence was insufficient to support his conviction. We affirm.

# I. BACKGROUND[1]

Justin Granado, an investigator with the Kendall County Sheriff's Office, and Dalton Mitschke, a police officer with the Lower Colorado River Authority, both testified that they happened upon a stalled vehicle while traveling along I-10 on November 2, 2021. According to Investigator Granado, the vehicle "appeared to be broken down" and "was partially in the slow lane." Investigator Granado conducted a brief search of the vehicle and its immediate surroundings but "couldn't find anybody" associated with the vehicle. Since "it was high-traffic times," and Investigator Granado felt he "couldn't leave [the vehicle] there, . . . [he] called for a tow truck."

As Officer Mitschke "was walking around the vehicle," he "notice[d] a baggie on the center console containing a crystal-like substance." Investigator Granado also "noticed a plastic bag with a large quantity of a crystallized substance on the center console armrest." Officer Mitschke then observed a "red and black backpack in the driver's seat," inside of which was an "ID card, some clothing, [and] a small digital scale." The "ID card" had Tunal's name on it and "[t]here was a fine residue of . . . a crystal-like substance on top of the scale." From Officer Mitschke's experience, scales like the one found in this case are "usually used to weigh out and to pack individual baggies of paraphernalia, like drug paraphernalia." Investigator Granado observed that there was also a "bag of clear plastic baggies that are commonly used to distribute narcotics." Also located inside the vehicle were a pill bottle and articles of mail belonging to other

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

individuals. Photos of the exterior and interior of the abandoned vehicle, as well as some of its isolated contents, were admitted into evidence.

While on the scene, Investigator Granado conducted a "field test" of the substance on the surface of the digital scale using a "methamphetamine test kit," which yielded a positive result for methamphetamine. Dispatch for the City of Boerne then advised Officer Mitschke and Investigator Granado that a man was "walking eastbound around the 533 mile marker . . . close to the highway." Officer Mitschke and Investigator Granado then traveled eastbound and located Tunal "approximately two and a half, [to] three miles" from the abandoned vehicle. Officer Mitschke testified that it was uncommon to see someone walking "in that area and . . . at that time of the day."

Tunal was speaking on the phone when the officers initially approached him, and Investigator Granado overheard Tunal saying, "[Y]eah, they're here. I know, boss," or "something to that effect." Officer Mitschke explained that Tunal "was sweat drenched . . . [and] kind of talking frantically." Tunal identified himself to the officers and explained that "he was dropped off by a friend." Officer Mitschke found this suspicious since the officers had found Tunal's identification in the abandoned vehicle. After Tunal was asked about this inconsistency, "he said he was driving the vehicle and that it ran out of gas." Tunal also "said he was borrowing the backpack" found in the abandoned vehicle but that the items found inside it were his. In other words, "[h]e didn't claim ownership of the actual backpack, just what was in it." Tunal was subsequently arrested and transported to jail in Officer Mitschke's patrol car. Video footage from the cabin of Officer Mitschke's patrol car was admitted into evidence. In the footage, Tunal frequently curses

3

in both English and Spanish, and states at one point, "Should've just stayed in the [expletives] . . . . I should've never asked for that [expletives] car. . . . All 'cause I wanted to take a shot."

Oscar Cazares, a forensic scientist with the Texas Department of Public Safety, testified that he tested the contents of the large plastic bag that Officer Mitschke and Investigator Granado discovered in the abandoned vehicle. According to Cazares, the results indicated that the bag contained 27.56 grams of methamphetamine.

The jury found Tunal guilty, and the trial court sentenced Tunal as described above. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

By his sole issue, Tunal argues the evidence was insufficient to show that he possessed the methamphetamine and intended to deliver it.

## A.    Standard of Review & Applicable Law

"The sufficiency of the evidence is measured by comparing the evidence produced at trial to 'the essential elements of the offense as defined by the hypothetically correct jury charge.'" *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). In reviewing the sufficiency of the evidence, we consider all the evidence presented in the light most favorable to the

4

verdict to determine whether the trial court was justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, the State was required to prove that Tunal knowingly possessed with intent to deliver a controlled substance listed in penalty group one, which includes methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (e); *Espino-Cruz v. State*, 586 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd).

## B. Possession

To establish possession, "the State must prove that the defendant's connection with the controlled substance is more than just fortuitous." *Medina v. State*, 565 S.W.3d 868, 873 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). "Mere presence at the location where drugs are found is . . . insufficient, by itself, to establish actual care, custody, or control of those drugs." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Rather, the State must show "that the defendant (1) exercised 'actual care, custody, control, or management' over the substance and (2) knew the substance was contraband.'" *Espino-Cruz,* 586 S.W.3d at 543 (first citing TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (defining "possession"); then citing *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); and then citing *Evans*, 202 S.W.3d at 161). Additionally, "possession need not be exclusive," so long as there are affirmative links between the defendant and the drug. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

5

A defendant must "be affirmatively linked with the drugs he allegedly possessed, but this link need no[t] . . . be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt." *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). Some of the factors which may circumstantially establish the legal sufficiency of the evidence to prove a knowing possession include:

(1)     the defendant's presence when a search is conducted;

(2)     whether the contraband was in plain view;

(3)     the defendant's proximity to and the accessibility of the narcotic;

(4)     whether the defendant was under the influence of narcotics when arrested;

(5)     whether the defendant possessed other contraband or narcotics when arrested;

(6)     whether the defendant made incriminating statements when arrested;

(7)     whether the defendant attempted to flee;

(8)     whether the defendant made furtive gestures;

(9)     whether there was an odor of contraband;

(10)   whether other contraband or drug paraphernalia were present;

(11)   whether the defendant owned or had the right to possess the place where the drugs were found;

(12)   whether the place where the drugs were found was enclosed;

(13)   whether the defendant was found with a large amount of cash; and

(14)   whether the conduct of the defendant indicated a consciousness of guilt.

*Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016) (citing *Evans*, 202 S.W.3d at

6

162 n.12). It is not the number of links that is dispositive, but the combined logical force of all the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162. "Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318–19).

When the officers initially searched the abandoned vehicle, they discovered the large plastic bag of methamphetamine in plain view. *See id.* Tunal was not present when the search was conducted, and, in fact, was about "two and a half, [to] three miles" away from the search. But there is no requirement that a defendant be caught in the act, so to speak, of possession for the State to prove that he exercised actual care, custody, control, or management over the controlled substance. *See Rodriguez v. State*, 888 S.W.2d 211, 213, 215 (Tex. App.—Corpus Christi–Edinburg 1994, no pet.) (concluding that the evidence was sufficient to establish appellant knowingly possessed a controlled substance where appellant's boot prints were found leading to and from bundles of marijuana). The defendant's proximity to the controlled substance is but one factor among many that we consider. *See Tate*, 500 S.W.3d at 414.

When Tunal was stopped, Investigator Granado overheard Tunal saying, "[Y]eah, they're here. I know, boss," or "something to that effect." Tunal initially indicated to the officers that he was dropped off by a friend. However, after being confronted with the fact that his identification was found in the abandoned vehicle, he acknowledged that he had been driving it and that it ran out of gas. That Tunal originally sought to distance himself

from the abandoned vehicle by claiming someone else dropped him off on the side of a busy highway indicates an awareness that being linked to the vehicle could also link him to its illegal contents and is thus a circumstance affirmatively indicating his guilt. *See Santiesteban-Pileta v. State*, 421 S.W.3d 9, 14 (Tex. App.—Waco 2013, pet. ref'd) ("[A]n implausible story by the defendant can provide circumstantial evidence indicating guilty knowledge of the controlled substance."). He also later admitted that the contents of the backpack—which included a digital scale topped with a residue of methamphetamine— were his. *See Tate*, 500 S.W.3d at 414. After he was placed under arrest, Tunal also implicated himself, stating, "Should've just stayed in the [expletives] . . . . I should've never asked for that [expletives] car. . . . All 'cause I wanted to take a shot." *See id.*

Tunal points to the articles of mail addressed to another person, the pill bottle that was prescribed to another individual, and the fact that the vehicle was registered to another individual. However, Investigator Granado and Officer Mitschke testified that they found no other individuals in the proximity of the vehicle. Further, there was no evidence presented that those individuals were ever in the vehicle on the evening in question.

Given the combined and cumulative force of the evidence and any reasonable inferences therefrom, we conclude that the evidence was sufficient to support the jury's finding that Tunal knowingly possessed the methamphetamine. *See id.*

## C. Intent to Deliver

"Intent to deliver may be proved by circumstantial evidence, including evidence regarding a defendant's possession of the drugs." *Mack v. State*, 859 S.W.2d 526, 528 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Factors that may be considered when

8

determining whether the evidence showed an intent to deliver include:

(1)     the nature of the location at which the defendant was arrested;

(2)     the quantity of controlled substance in the defendant's possession;

(3)     the manner of packaging;

(4)     the presence of drug paraphernalia (for either drug use or sale);

(5)     the defendant's possession of large amounts of cash; and

(6)     the defendant's status as a drug user.

*Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *see also Hardaway v. State*, No. 13-15-00507-CR, 2017 WL 3431827, at *2 n.3 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2017, pet. ref'd) (mem. op., not designated for publication).

Much of the same evidence that shows Tunal knowingly possessed the methamphetamine also shows that he intended to deliver the narcotic. Investigator Granado testified that with that quantity of methamphetamine, "what they can do is they take that large quantity, and they'll break it down into smaller quantities, and they sell that." Tunal acknowledged that the digital scale that tested positive for methamphetamine was his. Small plastic bags that Investigator Granado testified "are commonly used to distribute narcotics" were also discovered in the abandoned vehicle. This evidence suffices to prove not only that Tunal possessed the methamphetamine, but that he also intended to distribute it. *See Poindexter v. State*, 153 S.W.3d 402, 412 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015); *see also Allen v. State*, No. 13-13-00188-CR, 2014 WL 4402135, at *6

(Tex. App.—Corpus Christi–Edinburg Sept. 4, 2014, no pet.) (mem. op., not designated for publication) (concluding that the evidence was sufficient to show an intent to deliver where, "in addition to the methamphetamines," the evidence seized from appellant's possession included "baggies, a digital scale, and other drugs").

Tunal argues that "[a]lthough some facts might suggest [an] intent to deliver[,] . . . this Court in reviewing the sufficiency of the evidence must examine *all* the evidence in the record and not just the evidence that supports the verdict." But an important aspect of our legal sufficiency review is that we review all the evidence "in the light most favorable to the verdict." *Adames v. State*, 353 S.W.3d 854, 862 (Tex. Crim. App. 2011); *see Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Having done so, we conclude that the evidence was sufficient to establish that Tunal knowingly possessed methamphetamine with the intent to deliver.

We overrule Tunal's sole issue on appeal.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of July, 2024.