# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00692-CR

**Tony Lynn Hale, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 04-619-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Tony Lynn Hale guilty of possessing cocaine and marihuana, the former with the intent to deliver. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (d), 481.121(a), (b)(3) (West 2003). The jury assessed a fifty-year prison term for the cocaine offense, which was enhanced by a previous felony conviction. The jury assessed a two-year state jail term and a $5000 fine for the marihuana offense.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief urging that the evidence is legally and factually insufficient to support the jury's finding that he possessed the cocaine with intent to deliver. In a legal sufficiency review, the question is whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In a factual sufficiency review, the question is whether, viewing all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

Appellant was the driver of a car stopped for a traffic offense. With him in the car was another adult male and two juvenile females. During a search of the car, police found a bag containing twelve ounces of marihuana and another bag containing twenty-six grams of cocaine. No weapons, scales, small bags, or cash were found.

Round Rock police officer Jim Stewart, a sixteen-year veteran in charge of the narcotics division, testified that the value of the marihuana was approximately $600 and the amount was sufficient to make more than 300 joints. Stewart also estimated the value of the cocaine at about $600 and described it as "big chunks of cocaine which is normally how it's sold in large quantities." Stewart testified that users of cocaine will commonly possess only one or two grams. Stewart was of the opinion that both the marihuana and the cocaine were intended for distribution rather than personal use. During cross-examination, Stewart said that appellant was not previously known or suspected to be a drug dealer, and he also acknowledged that in recent years there has been a

significant increase in the quantity of drugs possessed by persons arrested in the county. Nevertheless, Stewart insisted that the quantities involved here were substantial for Round Rock.

The only issue raised by appellant in his pro se brief is whether the evidence supports the jury's determination that he intended to deliver the cocaine. Appellant argues that if the evidence supports two equally reasonable inferences, only one of which warrants a conviction, it cannot be said that the State has met its burden of proof beyond a reasonable doubt. *See Turner v. State*, 681 S.W.2d 849, 859 (Tex. App.—Dallas 1984, pet. ref'd). He insists that the amount of cocaine he possessed is not alone sufficient to exclude the possibility of possession for personal use only. *See United States v. Gibbs*, 904 F.2d 52, 59 (D.C. Cir. 1990); *United States v. Levy*, 703 F.2d 791, 792 (4th Cir. 1983). Thus, appellant concludes that the evidence does not support a finding beyond a reasonable doubt that he intended to deliver.

The *Turner* opinion was based on the reasonable alternative hypothesis analysis that is no longer used to determine the legal sufficiency of the evidence. *See Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). It was for the jury, as trier of fact, to determine the proper inference to draw from the evidence. Applying the appropriate standard of review, we conclude that the evidence is legally sufficient to support appellant's conviction for possession of cocaine with intent to deliver. Appellant's first pro se point of error is overruled.

The existence of alternative hypotheses is a relevant consideration in a factual sufficiency review. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Nevertheless, we are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.—Austin 1997, pet. ref'd). We must maintain

appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Reina*, 940 S.W.2d at 773. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). We hold that the evidence in this cause is not so weak as to preclude a finding beyond a reasonable doubt that appellant intended to deliver the cocaine. *See United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999) (possession of nineteen grams of cocaine alone sufficient to support finding of intent to deliver). The second pro se point of error is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: October 13, 2005

Do Not Publish

4