**Opinion issued November 4, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-01052-CR**

————————————

**DANNY JARROD HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 11CR2795**

---

**MEMORANDUM OPINION**

A jury found Danny Hamilton guilty of possession with intent to deliver a controlled substance in an amount less than 200 grams.[1] The trial court sentenced Hamilton to 32 years' confinement. In two issues, Hamilton challenges the

---

[1]     TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) (West 2012).

sufficiency of the evidence to prove two elements of the offense: (1) possession and (2) intent to deliver. We affirm.

## Background

One evening, Hamilton parked his car in a field by the side of the road. Officer Bradley Macik noticed Hamilton's vehicle from his patrol car and turned around to investigate. Suddenly, Hamilton pulled into the roadway without using a turn signal. Officer Macik hit his brakes to avoid a collision and activated his overhead lights. Hamilton exited the vehicle and ran. Because Hamilton left the car in gear, it rolled down the street until it crashed into a ditch.

As Officer Macik drove past the vehicle, he looked inside through the open driver-side door. He saw no one else in the vehicle. In pursuit of Hamilton, Officer Macik left Hamilton's vehicle unsecured for approximately one minute before another officer arrived.

Officer Macik found Hamilton and arrested him. When Officer Macik searched Hamilton, he found $588 in small bills. During the inventory of Hamilton's vehicle, Officer Macik found three bags of cocaine and two boxes of baking soda. At trial, a forensic expert testified that the three bags contained 83.91 grams of cocaine. Officer Macik testified that drug distributors use baking soda to produce crack cocaine.

Officer Macik also found a cell phone and a fourth bag containing a white rock-like substance lying in the road near the abandoned vehicle. A video taken by the patrol car's dashboard video camera appeared to show the bag and the phone falling out of Hamilton's lap when he jumped out of the car. The white rock-like substance was never tested to determine if it, too, was a controlled substance.

The jury convicted Hamilton. He timely appealed.

## Sufficiency of the Evidence

Hamilton challenges the sufficiency of the evidence in two issues. In his first issue, Hamilton contends that there is insufficient evidence to establish possession beyond a reasonable doubt because Hamilton's car "had been abandoned and unsecured for a period of time" and because "[p]olice did not attempt to take fingerprints from the baggies containing the cocaine." In his second issue, Hamilton contends that there is insufficient evidence to establish intent to deliver because "$588.00 cash in small denominations . . . two boxes of baking soda . . . [and] 83.91 grams [of cocaine] do not constitute sufficient evidence to prove [Hamilton] intended to deliver cocaine."

### A.     Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010).

Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89. If an appellate court finds the evidence to be insufficient under this standard, it must

reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2217 (1982).

**B.     Evidence of possession**

In his first issue, Hamilton challenges the sufficiency of the evidence that he possessed a controlled substance. To prove possession, the State must show that "the accused (1) exercised care, custody, control, or management over the contraband, (2) was conscious of his connection with it, and (3) knew what it was." *Utomi v. State*, 243 S.W.3d 75, 78 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.112 (West 2010 & Supp. 2014).

To meet this standard, the State must show that Hamilton's connection with the cocaine was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). "The State must affirmatively link the accused to the contraband before it can be concluded that he had knowledge and control of it." *Brown v. State*, 663 S.W.2d 139, 141–42 (Tex. App.—Houston [1st Dist.] 1983, no pet.) Mere presence at the contraband's location is not, by itself, sufficient to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). However, presence or proximity, combined with other direct or circumstantial evidence, may establish possession beyond a reasonable doubt. *Id*.

5

To prove that Hamilton's connection with the cocaine was more than fortuitous, the State must affirmatively link Hamilton to the three bags of cocaine. *Brown*, 663 S.W.2d at 141–42. Texas courts have enumerated the following non-exhaustive list of factors affirmatively linking an accused to contraband: (1) his presence when the search was conducted; (2) whether the contraband was in plain view; (3) his proximity to and the accessibility of the contraband; (4) whether he was under the influence of narcotics when arrested; (5) whether he possessed additional narcotics or other contraband when arrested; (6) whether he made incriminating statements when arrested; (7) whether he attempted to flee; (8) whether he made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether he owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether he was found with a large amount of cash; and (14) whether his conduct indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Utomi*, 243 S.W.3d at 79. It is not the number of applicable factors that is dispositive, but rather "the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

Many of these factors are present in this case. First, Hamilton possessed the vehicle where the cocaine was found. Second, Hamilton's attempt to flee supports an inference of his consciousness of guilt. Third, the cocaine was in plain view, in

close proximity to Hamilton, and easily accessible by him while driving the car; Officer Macik found the three bags of cocaine on the front passenger's seat of the vehicle. Fourth, there is evidence of additional drug paraphernalia at the same location as the cocaine. Inside the vehicle, Officer Macik discovered two boxes of baking soda, which is used to prepare crack cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(17)(B) (West Supp. 2014) (providing that "drug paraphernalia" includes materials used in "manufacturing, compounding, converting, producing, processing, or preparing a controlled substance."). Fifth, Hamilton was found carrying a large sum of cash—$588 in small bills. These factors support the jury's conclusion that Hamilton possessed the cocaine.

Hamilton raises four arguments against the sufficiency of the evidence linking him to the cocaine. First, Hamilton correctly observes that several factors are absent in his case: he did not appear to be under the influence of any drug; he did not have any drug paraphernalia or controlled substances on his person; neither Hamilton nor his vehicle smelled of narcotics; and Hamilton made no contradictory statements.

Second, Hamilton contends that a third party could have deposited the cocaine at the scene when Officer Macik left Hamilton's vehicle unsecured for one minute, and thus no rational factfinder could link him to the cocaine.

7

Third, Hamilton advances an alternate hypothesis: The cocaine was left by an undetected passenger. Although Officer Macik testified that he saw no one else in the vehicle, Hamilton argues that Officer Macik's testimony is unreliable because he observed the vehicle at night, the view inside the vehicle from the open driver-side door was limited, and the vehicle had heavily tinted windows.

Fourth, Hamilton contends that the evidence is insufficient to support possession because police never checked for fingerprints on the three bags of cocaine found in the car and never determined the chemical composition of the white rock-like substance in the fourth bag found on the road.

Under the *Jackson* standard, we defer to the factfinder's rational inferences from the evidence. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We conclude that, despite Hamilton's arguments, the evidence supports a rational inference that Hamilton possessed cocaine. The State showed many factors supporting possession; the mere absence of some other factors is not enough to overturn the verdict. The State need not prove every factor, so long as the logical force of the evidence supports the jury's finding. *See Evans*, 202 S.W.3d at 166 (sufficiency of the evidence determined by "logical force of the circumstantial evidence," not by number of links present or absent).

Further, Hamilton's vehicle was unsecured for only one minute. A rational factfinder could disregard the possibility of a third party planting the cocaine

during this short amount of time. In addition, the credibility of Officer Macik's testimony is within the province of the jury. Under *Jackson*, we presume that the jury found Officer Macik credible and defer to that finding. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Finally, the absence of additional scientific evidence is not enough to overturn the verdict. The failure to collect fingerprints from the three bags in the car does not negate the sufficiency of the evidence. Rather, in light of the numerous factors supporting the verdict, a rational factfinder could infer that the State did not need additional evidence to establish possession of the three bags of cocaine found in the Hamilton's car. Similarly, the chemical composition of the white rock-like substance in the fourth bag found on the road is inapposite to Hamilton's possession of the other three bags—which both parties concede contained 83.91 grams of cocaine—found in his car.

Accordingly, we conclude that, viewing all of the evidence in the light most favorable to the verdict, the logical force of the evidence supports the jury's conclusion that Hamilton had care, custody, control, or management over the cocaine, that he was conscious of the connection, and that he knew what it was. Thus, a rational factfinder could conclude that the evidence affirmatively links Hamilton to the cocaine. Under *Jackson*, we presume that the jury resolved the

evidence in this way, and we defer to that conclusion. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

We overrule Hamilton's first issue.

**C.      Evidence of intent to deliver**

In his second issue, Hamilton claims that there is legally insufficient evidence of intent to deliver. To prove intent to deliver, the State must show that Hamilton intended to "transfer, actually or constructively, to another a controlled substance . . . ." TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(8), 481.112(a) (West 2010 & Supp. 2014). An oral expression of intent to deliver is not required. *Robinson v. State*, 174 S.W.3d 320, 331 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

There are a variety of means to prove intent to deliver without a direct statement of intent. Expert testimony by experienced law enforcement officers is one method. *See Mack v. State*, 859 S.W.2d 526, 528–29 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (relying on officer's testimony regarding intent to deliver). Intent to deliver may also be proved by circumstantial evidence. *Id*. at 528. Intent may also be inferred from the conduct of the accused. *Robinson*, 174 S.W.3d at 331 (citing *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995)).

When reviewing circumstantial evidence of intent to deliver, courts generally focus on: (1) the nature of the place where the accused was arrested; (2) the quantity of drugs possessed by the accused; (3) the manner of packaging; (4) the presence or absence of drug paraphernalia; (5) the accused's possession of a large amount of cash; and (6) the accused's status as a drug user. *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Hamilton was driving a vehicle containing 83.91 grams of cocaine. Officer Macik testified that such a large amount of cocaine could not be for mere personal use. The vehicle also contained two boxes of baking soda—an ingredient used to prepare crack cocaine. In addition, Officer Macik found a large amount of cash— $588 in small bills—on Hamilton's person. Furthermore, there is no record of any personal-use paraphernalia found at the scene. In light of this circumstantial evidence, a rational factfinder could conclude that Hamilton had intent to deliver.

Hamilton's reliance on *Turner v. State*, 681 S.W.2d 849 (Tex. App.—Dallas 1984, pet. ref'd), is misplaced. In *Turner*, the appeals court reversed a conviction because the facts created two plausible, mutually exclusive inferences—personal use or intent to deliver—one of which would not support conviction. *Id.* at 850. The Court of Criminal Appeals has explicitly overruled this "outstanding reasonable hypothesis" test, and thus *Turner* is inapplicable. *See Geesa v. State*, 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991), *overruled on other grounds by*

*Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (holding State need not disprove all reasonable alternative hypotheses inconsistent with defendant's guilt).

Under *Jackson*, we presume that the jury concluded that the weight of evidence established intent to deliver beyond a reasonable doubt. Because the evidence is legally sufficient for a rational jury to make this conclusion, we defer to the jury's finding. *See Jackson*, 443 U.S. at 326, 99 S. Ct. 2793. Accordingly, we overrule Hamilton's second issue.

**Conclusion**

Having overruled both of Hamilton's issues, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).